UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 22-010-DCR-3 |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| SAVANNAH ASBERRY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Savannah Asberry pleaded guilty to conspiring to distribute 40 grams or more of fentanyl, possessing 40 grams or more of fentanyl with the intent to distribute it, possessing 50 grams or more of methamphetamine with the intent to distribute it, possessing cocaine with the intent to distribute it, and possessing a firearm in furtherance of a drug crime. She was sentenced to 120 months' imprisonment. [Record No. 140] Asberry has now filed a *pro se* motion, styled as a letter, for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Although Asberry attached a form indicating that she seeks relief from an amendment that lowers her guideline range and applies retroactively, she fails to cite a specific authority that authorizes a sentence reduction. As a result, the Court construes her motion as both a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and relief under Amendment 821 to the United States Sentence Guidelines. *See* U.S.S.G. Amend. 821, eff. Nov. 1, 2023.

**I.**

This Court follows a three-step analysis when considering § 3582(c)(1)(A) motions for compassionate release. *See United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). After fully exhausting all administrative remedies, a prisoner seeking compassionate release must show an "extraordinary and compelling reason" to warrant a sentence reduction.[1] *Id.* Second, this Court determines whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* at 1108. And third, the Court analyzes the factors set forth in 18 U.S.C. § 3553(a) to determine whether the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Id.* at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Courts are generally without authority to "modify a term of imprisonment once it has been imposed," but there has long been an exception for cases where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(2)(A)(i). Prior to enactment of the First Step Act of 2018, only the United States Bureau of Prisons ("BOP") could request compassionate release on a defendant's behalf. *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (citing § 3582(c)(1)(A) (2002)). However, the First Step Act

---

[1] Congress originally tasked the Sentencing Commission with determining "what should be considered extraordinary and compelling reasons for sentence reduction," limiting its discretion only with the qualification that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *See* 28 U.S.C. § 994(t). Consistent with this directive, the Commission previously identified four circumstances it viewed as extraordinary and compelling reasons for a sentence modification: (1) the medical condition of the defendant; (2) the age of the defendant; (3) "family circumstances," such as when a defendant is the sole caregiver to a spouse or minor child; and (4) "other reasons," as determined by the BOP. *See* U.S.S.G. § 1B1.13. The Commission recently provided additional guidance regarding which circumstances can constitute an extraordinary and compelling reason to warrant relief as detailed in the memorandum opinion.

eliminated this gatekeeping role and allowed prisoners to move for relief when the BOP declined to act. *Id*.

Asberry's motion suffers from a threshold defect. As the Court noted above, the First Step Act allows a federal prisoner to file a compassionate release motion directly in federal court after exhausting administrative remedies. The purpose of requiring a prisoner to disclose a complaint to the BOP before reaching the court is to allow the agency to consider providing the requested remedy if the prisoner's facility of incarceration is capable. Only after a request is denied or the warden fails to respond may a defendant pursue a motion for compassionate release in federal court. Asberry has not provided documentation that shows she has satisfied this procedural requirement.

Even assuming Asberry had satisfied this first step, she does not cite an "extraordinary and compelling" circumstance that warrants a sentence reduction. Asberry's motion mentions only that she "has 5 beautiful kids at home waiting for [her]," implying that family circumstances may warrant compassionate release. The United States Sentencing Commission offered a recent policy statement that provides guidance for courts when a defendant cites to family circumstances as a ground for relief. According to U.S.S.G. § 1B1.13(b)(3)(A)-(D), the "Family Circumstances of the Defendant" that may give rise to an extraordinary and compelling circumstance are as follows:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

>(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
>(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

Asberry does not cite a specific and recognized reason that could justify providing relief based on her family circumstances. To the extent she claims that she needs to provide for her minor children as a caregiver, those facts were known and considered at the time of sentencing. However, that fact alone cannot amount to extraordinary and compelling reason that justifies a sentence reduction without additional circumstances requiring consideration. Although the defendant claims that she has "a plan for when [she] gets out," the Court cannot provide with her compassionate release because she has not listed an extraordinary and compelling reason justifying it.

At this stage, the Court need not conduct a comprehensive analysis of whether the factors set forth in 18 U.S.C. § 3553(a) support or weigh against compassionate release for Asberry. But the undersigned notes that the nature of her offense is serious. Asberry conspired to distribute a significant quantity of controlled substances, including fentanyl, and possessed a firearm as she committed her offenses. Put simply, she was a dangerous dealer before her arrest. As determined during Asberry's sentencing hearing, the term of imprisonment she is presently serving promotes respect for the rule of law and provides specific deterrence from committing additional crimes. Ultimately, Asberry's motion for compassionate release is without merit.

## II.

To the extent Asberry seeks relief under Amendment 821, the Court observes that she is not eligible for a sentence reduction under this recent modification to the United States Sentencing Guidelines. Part A of Amendment 821 may eliminate "status points" assessed at the time of sentencing for defendants like Asberry who had six or fewer criminal history points. U.S.S.G. § 4A1.1(e). But this amendment only applies to defendants who committed an offense while under a criminal justice sentence such as probation or parole. Asberry did not receive any status points at sentencing for the instant offense, preventing Part A from applying to her. Similarly, Part B of Amendment 821 may offer a sentence reduction for offenders without any criminal history points at the time of sentencing. However, Asberry is likewise ineligible for relief under this subpart because she had one criminal history point at the time of sentencing.

## III.

Asberry has failed to identify any valid basis for a sentence reduction. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is directed to file Defendant Asberry's motion for a sentence reduction, styled as a letter, in the record.

2. Defendant Asberry's *pro se* motion for a sentence reduction is **DENIED**.

Dated: February 29, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky